# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

RISHI PREETAM,

        Plaintiff,

vs.

SETERUS, INC.,

        Defendant.

_____/

### COMPLAINT

**COMES NOW,** the Plaintiff, RISHI PREETAM, by and through undersigned counsel, and brings this action against the Defendant, SETERUS, INC. ("SETERUS"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Sections 1024.36 and 1024.41 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, SETERUS was and is a foreign Corporation, incorporated under the laws of the State of Delaware, and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

8. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

9. At some point in time prior to the violations alleged herein, SETERUS was hired to service the subject loan.

10. At all times material hereto, SETERUS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at Priya Sooknanan, 8577 NW 47 Drive Coral Springs, Florida 33065.

## BACKGROUND AND GENERAL ALLEGATIONS

11. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

12. On May 19, 2014, Loan Lawyers, LLC ("Loan Lawyers") on behalf of Plaintiff, submitted a loss mitigation package ("LMP") to SETERUS via facsimile.

13. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), SETERUS was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether SETERUS determined said application to be complete or incomplete. If SETERUS deemed the LMP incomplete, SETERUS was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

14. Thereafter, pursuant to 12 C.F.R. § 1024.41(c), SETERUS was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, SETERUS will offer Plaintiff.

15. A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

16. Over the course of the following year, SETERUS failed to exercise reasonable diligence in obtaining all documentation necessary to deem the LMP complete. This caused extreme stress and anxiety to Plaintiff.

17. Every time SETERUS requested documentation, Plaintiff complied.

18. Finally, on April 21, 2015, SETERUS informed Loan Lawyers via telephone that the LMP was complete and that the file was in review.

19. As such, SETERUS was required to provide a written notice stating which loss mitigation options, if any, SETERUS would offer Plaintiff by May 21, 2015, thirty (30) days after the LMP was considered "complete".

20. On May 5, 2015, Loan Lawyers reached out to SETERUS seeking an update on the status of the review of the LMP. Loan Lawyers was informed the file was still in review.

21. Again on May 12, 2015, and then on May 22, 2015, Loan Lawyers reached out to SETERUS seeking an update on the status of the review of the LMP. Loan Lawyers was informed each time that the file was still in review.

22. To date, SETERUS has not provided Plaintiff a written notice informing him which loss mitigation options if any, he was eligible for.

23. To date, SETERUS has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that SETERUS did not provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, SETERUS will offer Plaintiff.

**Request for Information**

24. On or about March 12, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to SETERUS a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). SETERUS received Plaintiff's RFI on or about March 17, 2015.

25. A true and correct copy of same is attached as Exhibit "A".

26. Plaintiff's RFI asked SETERUS, *inter alia*, to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); (2) provide a complete pay history for the life of

the loan; and (3) provide documentation to support charges in the amount of $1,044.74 consistently found of Plaintiff's monthly mortgage statements.

27. SETERUS, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

28. SETERUS, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". See 12 C.F.R. § 1024.36(d).

29. On March 21, 2015, SETERUS provided a written acknowledgment to Plaintiff's RFI.

30. Thereafter, on March 26, 2015, SETERUS provided a payoff statement.

31. However, thirty business days had passed and SETERUS did not response to Plaintiff's informational requests made pursuant to 12 C.F.R. § 1024.36.

32. As such, on May 11, 2015, Loan Lawyers, on behalf of Plaintiff, sent SETERUS a correspondence informing SETERUS that a response to Plaintiff's requests pursuant to 12 C.F.R. § 1024.36 had not been received. The correspondence provided SETERUS an additional seven days to provide the requested information.

33. A true and correct copy of the letter is attached hereto as Exhibit "B".

34. To date, SETERUS has failed or refused to respond to Plaintiff's requests pursuant to 12 C.F.R. § 1024.36, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

### COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

35. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 34.

36. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

37. Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

38. Section 1024.36 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

39.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

40.     SETERUS has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that SETERUS did not provide a written response to a request for information within the required timeframe.

41.     SETERUS has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(1) in that SETERUS did not "exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application."

42.     SETERUS has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that SETERUS did not provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, SETERUS will offer Plaintiff.

43.     As such, SETERUS has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

44.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

45.     Plaintiff is entitled to actual damages as a result of Defendant, SETERUS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to SETERUS's failure to respond to Plaintiff's RFI and comply with its statutory duties under 12 C.F.R. § 1024.41. See Almquist v. Nationstar Mortg.,

LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

46. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SETERUS's pattern or practice of noncompliance with Regulation X and RESPA.

47. In this case alone, SETERUS has violated six (6) separate provisions of Regulation X and RESPA.

48. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, RISHI PREETAM, respectfully asks this Court to enter an order granting judgment for the following:

(a) That SETERUS be required to provide a written notice in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) That SETERUS be required to provide the information requested in Plaintiff's RFI;

 (c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

 (d) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, RISHI PREETAM, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786